UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
UNITED STATES OF AMERICA,

     - against -         **MEMORANDUM & ORDER**
                    01-CR-170 (MKB)
ALEJANDRO DE ASA SANCHEZ,

        Defendant.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

   Defendant Alejandro De Asa Sanchez pleaded guilty on August 6, 2004, to conspiracy to distribute and possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).[1] On January 10, 2005, the Court sentenced Sanchez to 300 months of imprisonment, to be followed by five years of supervised release.[2] (Criminal Cause for Sentencing, Docket Entry No. 111; Judgment 2–3.) Sanchez is currently incarcerated at Federal Correctional Institution, Forrest City Low, with an expected release date of July 30, 2025. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited July 8, 2024).

   On December 26, 2023, Sanchez filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 821 ("Amendment 821") to the United States

---

[1] (Superseding Information ¶¶ 1–3, Docket Entry No. 94 (describing two charges); Criminal Cause for Guilty Plea, Docket Entry No. 96 (reflecting plea of guilty to Superseding Information); *see also* J. as to Alejandro De Asa Sanchez ("Judgment") 1, Docket Entry No. 112; Presentence Investigation Report ("PSR") 2, Docket Entry No. 163.)

[2] The case was reassigned from Judge Jack B. Weinstein to Judge Dora L. Irizarry on December 28, 2023, and then to the undersigned on the same day. (First Order Reassigning Case dated Dec. 28, 2023; Second Order Reassigning Case dated Dec. 28, 2023.)

Sentencing Guidelines ("Guidelines") entitles him to a two-level reduction in his offense level. (Def.'s Mot. for Adjustment of Sentence ("Def.'s Mot."), Docket Entry No. 158.) On January 2, 2024, the government opposed Sanchez's motion to reduce his sentence.[3] (Gov't's Mem. in Opp'n to Def.'s Mot. ("Gov't Opp'n"), Docket Entry No. 160.) For the reasons discussed below, the Court denies Sanchez's motion for a reduction of his sentence.

I.  Discussion

   a.  **Sanchez is not eligible for a two-level reduction to his offense level**

Sanchez argues that under Part B of Amendment 821 ("Part B"), he is entitled to a two-level reduction of his offense level because he received zero criminal history points at his original sentencing. (*See* Def.'s Mot. 1.) He therefore asks that the Court "adjust his sentence accordingly pursuant to 18 U.S.C. § 3582(c)(2) . . . in consideration of" Amendment 821. (*Id.*)

The government argues that Sanchez "is not eligible for a sentence reduction because Amendment 821 does not change his Guidelines range." (Gov't Opp'n 5.) In support, the government observes that to qualify for a reduction under Part B, Sanchez "must satisfy each of the ten [prerequisites] set forth in" Part B, and argues that Sanchez fails to meet three of them. (*Id.* at 4–5.) Specifically, the government asserts that Sanchez does not qualify for the reduction because his offense of conviction (1) involved "violence or credible threats of violence," (2) "result[ed] in death or serious bodily injury," and (3) involved the possession of a firearm. (*Id.* at 5 (quoting U.S.S.G. § 4C1.1(a)).)

---

[3] On January 2, 2024, the Court appointed Criminal Justice Act ("CJA") counsel to represent Sanchez. (CJA 20 Form as to Alejandro De Asa Sanchez, Docket Entry No. 159.) On February 14, 2024, Sanchez's appointed counsel informed the Court that "it is unfortunately apparent that Mr. Sanchez's guidelines range has not been lowered by [Amendment 821] because he does not qualify for the [A]mendment's application to his guideline analysis, and he is not entitled to a reduction of his sentence." (Letter from Peter Guadagnino dated Feb. 14, 2024, Docket Entry No. 162.)

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," section 3582(c)(2) provides that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Reductions are therefore authorized only if they are consistent with the Sentencing Commission's policy statements — "namely [Guidelines] § 1B1.10." *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission' — namely, § 1B1.10.").[4]  Section 3582(c)(2) thus establishes the following "two-step inquiry": "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*; *see also United States v. Osorio*, No. 13-CR-426, 2024 WL 308274, at *1 (E.D.N.Y. Jan. 26, 2024) (concluding at step one that "[a]ny reduction to [the defendant's] sentence would be inconsistent with § 1B1.10 and, therefore, unauthorized"); *United States v. Ross*, No. 15-CR-95, 2024 WL 149130, at *2

---

[4] Although the Supreme Court decided *Dillon* based on versions of section 3582 and the Guidelines that have since been amended, the language that applies to this case has remained the same: Section 3582 has been amended only once since *Dillon*, but subsection (c)(2) was left unchanged.  *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).  Section 1B1.10 of the Guidelines remains the "policy statement governing § 3582(c)(2) proceedings."  *See Dillon*, 560 U.S. at 819; United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(a)(1) ("As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.").

3

(S.D.N.Y. Jan. 12, 2024) (denying appointment of counsel after applying the two-step inquiry and finding the defendant ineligible for a sentence reduction).

Pursuant to section 1B1.10 of the Guidelines, a court "determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" must first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced."[5] United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(b)(1). The Sentencing Commission's policy statements further provide that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" the amendment at issue "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B); *see also United States v. King*, 813 F. App'x 690, 692 (2d Cir. 2020) (observing that a "sentencing court cannot reduce [a] defendant's sentence if retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range'" (quoting U.S.S.G. § 1B1.10(a)(1)(B))); *cf. United States v. Jarvis*, 883 F.3d 18, 21 (2d Cir. 2018) ("[A] sentence reduction is not authorized if 'an amendment [to the Guidelines range] . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.'" (second alteration in original) (quoting *United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009))).

Part B of Amendment 821 added section 4C1.1 to Chapter 4 of the Guidelines. This section provides for a two-level reduction in offense level for individuals who received no

---

[5] Amendment 821 is among those listed in subsection (d) to this section. U.S.S.G. § 1B1.10(d).

criminal history points at their original sentencing — so-called "zero-point offenders" — and who meet nine additional criteria. U.S.S.G. § 4C1.1(a)(1)–(10); *see also United States v. Witkowski*, No. 22-CR-312, 2024 WL 2327803, at *2 (S.D.N.Y. May 21, 2024) (denying sentence reduction under Part B because "[t]he defendant received an offense level enhancement under [U.S.S.G.] § 3B1.1 . . . for his role in the criminal enterprise," thus failing to meet Part B's requirement that the defendant not receive such a role adjustment (citing U.S.S.G. § 4C1.1(a)(10))); *United States v. Ali*, No. 21-CR-613, 2024 WL 515244, at *1–2 (S.D.N.Y. Feb. 9, 2024) (granting resentencing under section 4C1.1 because the defendant "did not receive any criminal history points at the original sentencing and . . . [the] defendant's offense did not include any of the (nine) exclusionary criteria listed in [s]ection 4C1.1(a)"); *United States v. Sardarova*, No. 20-CR-681, 2024 WL 259775, at *1–2 (S.D.N.Y. Jan. 12, 2024) (concluding that the defendant qualified for the two-level reduction under section 4C1.1, but not for a sentence reduction because the original sentence "fell below the low end of th[e] amended [Guidelines] range"). In relevant part, section 4C1.1 requires that, in addition to receiving zero criminal history points, (1) "the defendant did not use violence or credible threats of violence in connection with the offense," U.S.S.G. § 4C1.1(a)(3); (2) "the offense did not result in death or serious bodily injury," *id.* § 4C1.1(a)(4); and (3) "the defendant did not possess[] . . . a firearm . . . in connection with the offense."

   The Court finds that Sanchez is ineligible for a sentence reduction under Part B of Amendment 821. Although he received zero criminal history points at his original sentencing, (PSR ¶¶ 38–39), thus satisfying the first of ten requirements under section 4C1.1(a), a review of Sanchez's PSR and plea allocution transcript reveals that he fails to meet at least three of the other nine requirements. First, in furtherance of the criminal enterprise underlying his drug

5

conspiracy conviction, Sanchez served as a lookout for the murder of Ignacio Ortiz, a leader of a rival gang, in April of 1994. (PSR ¶ 13.) In acting as the lookout, Sanchez "was aware that Ortiz was going to be killed in furtherance of the narcotics conspiracy." (*Id.*) Sanchez also acknowledged that as part of his role with the enterprise, he later helped plan and was present for the murder of Amparo Alvarez, the girlfriend of a rival Colombian drug courier. (Plea Allocution Tr. ("Tr.") 31:1–11, annexed to Gov. Opp'n as Ex. A, Docket Entry No. 160-1; PSR ¶ 14.) As a result of his involvement with these two murders, Sanchez fails to meet the requirements under section 4C1.1(a) that he "not use violence or credible threats of violence in connection with the offense," and that his actions "not result in death" of another. *See* U.S.S.G. § 4C1.1(a)(3)–(4). Second, Sanchez acknowledged that he carried a firearm during both murders, and that he "carr[ied] a gun in Queens or other part[s] of the [E]astern [D]istrict" while engaging in his "business of distributing drugs." (*See* Tr. 31:12–19; PSR ¶¶ 13–14, 18.) Consequently, Sanchez also fails to meet the requirement that he "not possess[] . . . a firearm . . . in connection with the offense." U.S.S.G. § 4C1.1(a)(7). Sanchez therefore does not meet all of the criteria under section 4C1.1(a), and he is ineligible for a two-level reduction to his offense level, leaving his Guideline range as previously determined. (*See* PSR ¶¶ 73–74 (calculating a total Guidelines range of 300 months resulting from an offense level of 40).) Accordingly, Sanchez is ineligible for a sentence reduction under section 3582(c)(2) because Amendment 821 "does not have the effect of lowering [his] applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(1)(B); *King*, 813 F. App'x at 692 ("[S]entencing court cannot reduce [a] defendant's sentence if retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" (quoting U.S.S.G. § 1B1.10(a)(1)(B))); *United States v. Kirkland*, No. 20-CR-126, 2024 WL 1953621, at *2–3 (D. Conn. May 3, 2024) (finding the defendant

6

"ineligible for a sentence reduction under [Part B of] Amendment 821" because in pleading guilty, he stipulated to facts showing that his offense involved violence, resulted in serious bodily injury, and involved the use of a firearm).

## II. Conclusion

For the foregoing reasons, the Court denies Sanchez's motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Dated: July 8, 2024
      Brooklyn, New York

SO ORDERED:

        s/MKB
MARGO K. BRODIE
United States District Judge